IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>v.<br><br>PAUL HASTY, JR. and WALLACE, SAUNDERS, AUSTIN, BROWN & ENOCHS, CHARTERED,<br><br>                    Defendants. | Case No. 10-CV-00209 |

**ALLSTATE INSURANCE COMPANY'S RESPONSE SUGGESTIONS IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNTS III, V, AND VI**

Plaintiff, Allstate Insurance Company ("Allstate"), by and through its undersigned counsel, Shefsky & Froelich Ltd., hereby files its suggestions in opposition to Defendants' Motion to Dismiss Counts III, V, and VI of the Amended Complaint (the "Motion") and in support thereof, states as follows:

**INTRODUCTION**

Defendants seek to dismiss Allstate's claim for constructive fraud by blurring the lines between its malpractice claim against the Defendants and its constructive fraud claim. Defendants' motion to dismiss in fact raises precisely the same arguments that this Court previously rejected when the Defendants opposed Allstate's motion for leave to file its Amended Complaint. This Court should reject Defendants' effort to obtain a second bite at the apple.

As discussed in detail below, Allstate's claim for constructive fraud is based upon Hasty's[1] conduct following the Johnson/Davis Lawsuit in concealing what actually occurred at trial. Regardless of whether Defendant Hasty's conduct in the Johnson/Davis litigation breached

---
[1] Capitalized terms in this brief will have the same meanings as provided in the Amended Complaint, except where otherwise indicated.

the requisite standard of care to constitute legal malpractice, his failure to disclose what occurred in the Johnson/Davis Lawsuit breached the fiduciary duties of candor and loyalty he owed to Allstate. Thus, the constructive fraud claim is independent of Allstate's malpractice claim, and Defendants' Motion to Dismiss should be denied.

## ARGUMENT

**I.     Standard for a Rule 12(b)(6) Motion to Dismiss.**

Federal jurisdiction in this matter is based upon diversity, and in such cases Federal Courts apply federal procedural rules and state substantive law. *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Circ. 2010) (citation omitted). The U.S. Supreme Court has noted that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'". *Aschcroft v. Iqbal, et al.*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) *citing Bell Atlantic Corp. v. Twombly*, 550 US 544, 570, 127 S.Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further,

> Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a "short plain statement of the claim showing that the pleader is entitled to relief." *Twombly* and *Iqbal* did not abrogate the notice pleading standard of Rule 8(a)(2). Rather, those decisions confirmed that Rule 8(a)(2) is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Hamilton v. Palm*, 621 F.3d 816, 817 (8th Circ. 2010) (citation omitted).

"When determining whether a claim is facially plausible, we 'accept the allegations contained in the complaint as true and *draw all reasonable inferences in favor of the nonmoving party.*'" *Cole*, 599 F.3d at 861 (citation omitted)(emphasis supplied).

**II. Allstate Has Sufficiently Stated a Claim for Breach of Fiduciary Duties Against Defendant Hasty for Concealment of Information Regarding the Johnson/Davis Lawsuit, Regardless of Whether Hasty's Conduct During the Johnson/Davis Lawsuit Constituted Professional Negligence.**

Allstate alleges in Count V that Hasty's conduct following his handling of the Johnson/Davis Lawsuit, such as his concealment of the happenings in that lawsuit from his client Allstate, constitute constructive fraud – regardless of whether or not Hasty's conduct during the Johnson/Davis Lawsuit constituted professional negligence. Allstate has alleged facts in support of its claim for constructive fraud distinct from its claim for legal malpractice, and Defendants' Motion to Dismiss Counts V and VI should be denied.

The elements of a claim for constructive fraud are: (1) an attorney client relationship; (2) breach of fiduciary obligation by the attorney; (3) proximate causation; (4) damages to the client; and (5) no other recognized tort encompasses the facts alleged. *Klemme v. Best*, 941 S.W. 2d 493, 496 (Mo. Banc 1997) (citation omitted). Defendants do not contest whether or not Allstate has pled facts in support of the first four elements.

Defendants argue that the constructive fraud claim is subsumed by Allstate's claim for legal malpractice, and therefore should be dismissed. The Defendants cite *Donahue v. Shughart, Thomson & Kilroy, P.C.*, 900 S.W.2d 624 (Mo. banc 1995) for the proposition that if an alleged breach of fiduciary duty is the result of negligent performance of professional services, then a breach of fiduciary duty claim cannot stand.

While Missouri state law provides the substantive law for this diversity case, Defendants mislead the court by ignoring the vastly different pleading standards applicable to Missouri state court cases such as *Donahue* as opposed to those that govern their Rule 12(b)(6) motion. As noted above, Rule 8(a)(2) provides for notice pleading and requires only a short, plain statement of the claim. In stark contrast, "Missouri employs a pleading requirement commonly referred to

as fact pleading, [citation omitted] and as compared to the federal notice pleading counterpart, 'fact pleading demands a relatively rigorous level of factual detail.'" *Agnello v. Walker*, 306 S.W.3d 666, 678 (W.D. Mo. 2010) (citations omitted). Under the notice pleading standard applicable here, Allstate is required to plead only enough facts "that permit the reasonable inference that the defendant is liable, even if the complaint 'strikes a savvy judge that actual proof of the facts alleged is improbable" and recovery 'very remote and unlikely.' *Hamilton*, 621 F.3d at 819 *citing Braden v. Walmart Stores*, 588 F.3d 585, 594 (8th Circ. 2009) (quotation omitted). Here Allstate has alleged far more than the minimum required by Rule 8 to state a claim on which relief can be granted for constructive fraud under substantive Missouri law.

In addition, Defendants ignore that in Counts V and VI, Allstate does not allege that Defendants committed legal malpractice. Rather, Defendants effectively ask this Court to draw an inference in Defendants' favor that the allegations of Counts V and VI state a claim for legal malpractice as well as a claim for constructive fraud. This is contrary to federal procedural rules in at least two ways: (1) Rule 8(d) expressly provides for pleading in the alternative; and (2) on a motion to dismiss, all reasonable inferences are drawn in favor of the *non-moving* party. In fact, the Defendants do not argue that the allegations of Hasty's post-verdict non-disclosure and resulting damage are insufficiently alleged. Nor do they challenge the plausibility of Counts V and VI. For these reasons alone, Defendants' motion to dismiss fails.

But there is more. Defendants also mislead this Court in their discussion of *Klemme v. Best*, by ignoring the result and holding of that case and instead quoting from *dicta*. In that case, which followed *Donahue* by two years, the Missouri Supreme Court in fact *upheld* a constructive fraud claim brought by a client against his attorney, clarified that a client may sue an attorney for torts other than malpractice, and found that an attorney can breach his/her fiduciary duties to a

4

client at anytime during their relationship. *Klemme*, 941 S.W. 2d at 496. Further, the *Klemme* Court emphasized that its holding in *Donahue* "does not… preclude an action for breach of fiduciary duty or constructive fraud where the alleged breach is independent of any legal malpractice." *Id. at* 495-96.

In this case, like *Klemme* and unlike *Donahue*, Allstate's claim for breach of fiduciary duty is independent and factually distinct from its legal malpractice claim. Counts V and VI allege that following Defendants' representation of Allstate in the Johnson/Davis Lawsuit, Allstate retained separate counsel to pursue an appeal of the jury verdict and, thereafter, had the opportunity to settle the appeal and underlying matter for millions of dollars less than the judgment amount entered against Allstate in the trial handled by Defendants. *See* Amended Complaint ¶ 114. After the jury trial and during the pendency of the appeal, instead of aiding Allstate in making the correct decision regarding this settlement offer, Defendant Hasty failed to fully disclose to Allstate all material facts concerning the trial and trial record, and also failed to timely provide all relevant materials to appellate counsel. *Id.* at ¶¶ 110, 112-15.

Hasty had a duty to his client Allstate to accurately report the circumstances surrounding entry of the verdict against Allstate. Hasty's concealment of what happened during the Johnson/Davis trial prevented Allstate from making an informed decision as to the risk of pursuing an appeal versus negotiating a settlement with the Johnsons. *Id.* at ¶ 110. By failing to fully disclose to Allstate the facts that had an impact on the rights and interests of Allstate in light of the $16 million jury verdict in the Johnson/Davis Lawsuit, Defendant Hasty violated his fiduciary duties of loyalty and candor to Allstate by failing to act in the best interest of his client Allstate. *Id.* at ¶ 111. These breaches of his fiduciary duties were designed solely to further Defendants' interest in maintaining a lucrative practice from Allstate, rather than mitigating the

damage caused by the adverse results of the trial Defendants handled on Allstate's behalf. *Id.* at ¶ 113. Determining whether or not Hasty breached these fiduciary duties does not require a jury to conclude that Hasty's representation of Allstate in the Johnson/Davis Litigation met a certain standard of care, or whether Allstate would have prevailed in the underlying action "but for," Hasty's conduct.

This case is similar to *Williams v. Preman*, 911 S.W.2d 288 (W.D. Mo. 1995) (reversed on other grounds), a case in which the Missouri appellate court allowed a plaintiff to bring a claim against a former attorney for both legal malpractice and breach of fiduciary duty. In *Williams,* the defendant lawyer, Preman, prepared bankruptcy documents for the plaintiff. *Id.* at 292. When the plaintiff sought a discharge in bankruptcy, one of his creditors filed a complaint accusing the plaintiff of concealing assets in his filings. *Id.* at 292-93. After some discovery was taken on the issue, the plaintiff retained new counsel. *Id.* at 293. The plaintiff then sought summary judgment on the creditor's claim based on the argument that his assets had been fully disclosed to Preman, and any failure to disclose was the fault of Preman. *Id.* In its response to the summary judgment motion, the creditor attached an affidavit from Preman in which the attorney stated that any assets "not disclosed on the schedules would not have been disclosed to him." *Id.* The plaintiff lost his summary judgment motion regarding the creditor's claim, and as a result settled with the complaining creditor by excluding from discharge debts owed to him. *Id.*

The plaintiff-client then sued his attorney, Preman, for legal malpractice based upon his failure to correctly advise him in regard to the bankruptcy schedules, as well as failing to amend the schedules to correct the failure to disclose certain assets. *Id.* at 293-94. He also alleged that Preman breached his duty of loyalty by providing an affidavit that included numerous misstatements that were known to be false at the time they were made. *Id.* The trial court

granted a directed verdict to Preman dismissing the breach of fiduciary duty count, but the Missouri Court of Appeals reversed, finding that the allegations of legal malpractice and breach of fiduciary duties were separate and distinct:

> Here, the allegedly negligent completion of the schedules was properly pleaded as legal malpractice, not breach of fiduciary duty; while the provision of the allegedly false affidavit was properly pleaded as breach of fiduciary duty, not legal malpractice. Thus, the alleged damages for any legal malpractice in this case will be separate and distinct from the alleged damages for breach of fiduciary duty.

*Id.* at 301.

Just as in *Williams*, Allstate in this case is alleging that subsequent to Hasty's representation of Allstate in the Johnson Davis Lawsuit, he violated his fiduciary duties of loyalty and candor by misrepresenting and omitting material facts concerning the Johnson/Davis Lawsuit, and those breaches resulted in damages to Allstate. This is substantially similar to the allegation in *Williams* that the defendant provided a false affidavit after his representation of the plaintiff ended. Allstate's claim for constructive fraud relating to Hasty's post-verdict breach of fiduciary duties seeks damages for only his misrepresentations and omissions following the $16 million verdict, not for the verdict itself. This is clear when one compares the prayer for relief in Count V for approximately $7 million (the difference between what Allstate could have settled for following trial and the ultimate judgment) verses the prayer for relief in Count I for malpractice for approximately $16 million (representing the ultimate judgment). Thus, as in *Williams*, Allstate's claim for breach of fiduciary duties is independent of Allstate's legal malpractice claims. Accordingly, Counts V and VI state plausible claims on which relief can be granted.

The recent case of *Garrett v. Cassity*, 2010 WL 5392767 (U.S.D.C. E.D. Mo. Dec. 21, 2010) (attached as Exhibit A) also strongly supports Allstate's position. In that case, the

plaintiffs brought claims for legal malpractice and breach of fiduciary duties that were less distinct than those alleged by Allstate in its Amended Complaint, yet the Court denied a motion to dismiss, which was based on grounds similar to those on which Defendants herein rely. In *Garrett*, the plaintiffs alleged that the defendant attorney and his law firm committed malpractice for, among other things, providing substandard advice. *Id.* at *7. The *Garrett* plaintiffs also alleged that the defendants breached their fiduciary duties by failing to disclose possible conflicts of interest and, as Allstate alleges in this case, that the advice provided by defendants was actually in Defendants' own interests and those of others rather than the interests of their clients. *Id.* at *31. The district court denied defendants' motion to dismiss the breach of fiduciary duties claim as subsumed by the plaintiff malpractice claim, concluding that the allegations in the two claims were sufficiently distinct. *Id.*

This case presents a far stronger claim for constructive fraud than in *Garret*. Unlike in *Garrett*, Allstate's allegations in support of its constructive fraud claim are temporally distinct from its legal malpractice claims. The actions alleged by Allstate to constitute malpractice took place while Hasty was supposed to be handling the Johnson/Davis Lawsuit, and relate to his actions while doing so. In contrast, the actions alleged by Allstate to constitute a breach of his fiduciary duties took place after the Johnson/Davis trial and relate to Hasty's failure to disclose to Allstate what occurred in the litigation. Just as in *Garrett*, the Defendants' Motion to Dismiss should be denied.

Allstate here has alleged more than sufficient facts to state a claim on which relief can be granted for constructive fraud, separate and independent from any alleged breach of a standard of care owed to Allstate. Thus, Defendants' Motion to Dismiss Counts V and VI should be

denied.[2]

### III. Defendants Put Forth No Valid Argument Why Allstate Should be Barred from Re-pleading Count III in Order to Preserve the Prior Dismissal for Appeal.

Defendants again argue, as they did in opposition to Allstate's Motion to Amend its Complaint, that it is unnecessary for Allstate to include Count III in the Amended Complaint in order to preserve for appeal the Court's ruling on Defendant's Motion for Judgment on the Pleadings dismissing Count III. In allowing Allstate to file its Amended Complaint including Count III for the purpose of preserving issues for appeal, this Court pointed out that the Defendants argue inclusion of Count III "is inappropriate, but cite no legal authority in support." *See* December 2, 2010, order, Doc. No. 84. Again, Defendants have cited no legal authority indicating it is improper or inappropriate for Allstate to include Count III for the sole purpose of preserving the issue for appeal.

Defendants do cite authority from other jurisdictions that stand for the proposition that it is not necessary to re-plead a dismissed count in order to preserve that issue for appeal. *See* Defendant's Motion, p.3. However, these cases are not controlling in the Eighth Circuit, and the Defendants admit that they did not find any Eighth Circuit case law on the same topic. More importantly, even the cases cited by the Defendants do not stand for the proposition that it is actually improper to re-plead dismissed counts, only that it may not be necessary in those circuits.

Allstate believes that this is the correct procedure for preserving such an issue for appeal. Obviously Allstate did not intend to simply re-plead its previously dismissed claim in the hopes of deceiving this Court or the Defendants, as indicated by the footnote in the Amended

---

[2] As Defendants' state in the Motion, their argument to dismiss Count VI is the same as that for Count V. *See* Defendants' Motion, p. 7. Thus if Count V is stated sufficiently, Count VI should also remain.

Complaint in Count III.[3]

WHEREFORE, Plaintiff Allstate Insurance Company prays that this Court deny Defendants' Motion to Dismiss Counts III, V, and VI of the Amended Complaint, and grant such further relief as deemed just and proper.

Dated:  January 10, 2010

Respectfully submitted,

**ALLSTATE INSURANCE COMPANY**

By: /s/Cary E. Donham
One of Its Attorneys

Richard E. McLeod
MCLEOD & HENRICHS
1100 Main Street
Suite 2900
Kansas City, Missouri 64105
Telephone:     (816) 421-5656
Facsimile:     (816) 550-1426
Missouri Bar No. 28136

Jack Hagerty (#6205293)
Cary E. Donham (#6199385)
Sherri Thornton-Pierce (#6285507)
SHEFSKY & FROELICH LTD.
111 East Wacker Drive
Suite 2800
Chicago, Illinois 60601
Telephone:     (312) 527-4000
Facsimile:     (312) 527-4011

1170803_5

---

[3] Allstate suggests that at a minimum, any dismissal order this Court may enter as to Count III include a statement that Allstate's appeal rights with regard to Count III are preserved.

# CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January, 2011, the foregoing **Suggestions in Opposition to Defendants' Motion to Dismiss Counts III, V, and VI of the Amended Complaint** was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

| | |
|---|---|
| Spencer J. Brown | Michael G. Norris |
| Deacy & Deacy, LLP | Brian J. Jenkins |
| 920 Main Street | Eric S. Playter |
| Suite 1900 | Norris & Keplinger, L.L.C. |
| Kansas City, Missouri 64105-2010 | Financial Plaza II |
| Telephone: (816) 421-4000 | 6800 College Boulevard |
| Facsimile: (816) 421-7880 | Suite 630 |
| Email: sjb@deacylaw.com | Overland Park, Kansas 66211 |
| *Counsel for Defendant* | Telephone: (913) 663-2000 |
| *Paul Hasty, Jr.* | Facsimile: (913) 663-2006 |
| | Email: mnorris@nkfirm.com |
| | bdj@nkfirm.com |
| | eplayter@nkfirm.com |
| | *Counsel for Defendant* |
| | *Wallace, Saunders, Austin, Brown & Enochs* |

 

/s/ Cary E. Donham
Attorney for Allstate Insurance Company