IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 10-00209-CV-W-DW |
| PAUL HASTY, JR. and WALLACE, | ) |
| SAUNDERS, AUSTIN, BROWN & ENOCHS, | ) |
| CHARTERED, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court are Defendants' Joint Motion to Dismiss Counts III, V and VI of Plaintiff's First Amended Complaint (Doc. 90) and Plaintiff's Motion to Strike Affirmative Defenses (Doc. 120). For the following reasons, Defendants' joint motion to dismiss is granted in part and denied in part and Plaintiff's motion to strike is granted in part and denied in part.

**I. BACKGROUND**

The facts pertinent to these motions are as follows. On March 24, 2000, Wayne Davis, Jr. drove while intoxicated, crossed the center line of the highway on which he was traveling, and crashed into Edward and Virginia Johnson's vehicle. The Johnsons suffered serious injuries and required extensive hospital treatment. Davis was insured by Allstate, and he was eventually sued by the Johnsons. Before the suit went to trial however, the Johnsons and Davis entered into an agreement. That agreement provided that Davis would consent to a judgment against him for approximately $5 million, and the Johnsons would agree not to collect any of this judgment from Davis in exchange for his assigning to the Johnsons ninety percent of his claim against Allstate

for bad faith refusal to settle.

The Johnsons then sued Allstate and Davis in state court for bad faith refusal to settle, and the court realigned Davis as a plaintiff in that litigation. Defendants Paul Hasty, Jr. ("Hasty") and Wallace, Saunders, Austin, Brown & Enochs, Chartered ("WSABE") represented Allstate in the Johnsons and Davis' bad faith refusal to settle suit. The jury returned a verdict for the plaintiffs in excess of $15 million. Allstate appealed, and the verdict was affirmed.

Allstate then filed the present legal malpractice action, bringing claims against Hasty and WSABE. In its original complaint, Allstate included counts of legal malpractice and breach of contract against both defendants and counts of negligent supervision and respondeat superior solely against WSABE. This Court dismissed Allstate's negligent supervision claim in its Order on Defendant WSABE's Motion for Judgment on the Pleadings. Allstate then sought leave to file an amended complaint to insert additional instances of alleged professional negligence on the part of Defendants, re-assert its dismissed negligent supervision claim against WSABE for purposes of appeal, and add additional claims against Hasty for constructive fraud and WSABE for respondeat superior liability for Hasty's constructive fraud. The Court granted Allstate's motion to amend its complaint. Defendants then filed this motion to dismiss and Allstate filed this motion to strike.

## II. MOTION TO DISMISS

Defendants filed a joint motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that: (1) the negligent supervision claim (Count III) should be dismissed because it has already been dismissed by this Court and need not be re-pleaded in order to preserve the issue for appeal; (2) the constructive fraud claim against Hasty (Count V) should be dismissed because Plaintiff's malpractice claim precludes this claim; and (3) the respondeat

superior claim against WSABE (Count VI) should be dismissed because it is based on the improper constructive fraud claim against Hasty.

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must plead sufficient factual matter to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "When determining whether a claim is facially plausible, we 'accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party.'" Cole v. Homier Distrib. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010) (quoting Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005)).

Defendants seek dismissal of Plaintiff's claim for constructive fraud/breach of fiduciary duty.[1] The elements of such a claim are: (1) an attorney-client relationship; (2) the attorney's breach of a fiduciary duty; (3) proximate causation; (4) damage to the client; and (5) no other recognized tort encompasses the facts alleged. Klemme v. Best, 941 S.W.2d 493, 496 (Mo. 1997). The second and fifth elements of a constructive fraud claim distinguish it from a claim for legal malpractice. Id. In their motion, Defendants focus on the fifth element and argue that Plaintiff's constructive fraud claim must be dismissed because Plaintiff's legal malpractice claim encompasses the facts alleged.

The Missouri Supreme Court has held that if an alleged breach "can be characterized as both a breach of the standard of care (legal malpractice based on negligence) and a breach of a fiduciary obligation (constructive fraud), then the sole claim is legal malpractice." Id. (citing Donahue v. Shughart, Thomson & Kilroy, P.C., 900 S.W.2d 624, 629-30 (Mo. 1995)). An alleged breach of a fiduciary duty can be characterized as a breach of the standard of care (legal

---

[1] Courts interchangeably refer to such a claim as either a constructive fraud claim or a breach of fiduciary duty claim.

malpractice) where the alleged breach is dependent on the existence of the attorney's negligence. Id. However, a plaintiff may bring separate claims for legal malpractice and a constructive fraud where the alleged breach of fiduciary duty is independent of any legal malpractice. Id.

Here, Plaintiff's Amended Complaint sets forth claims for both legal malpractice and constructive fraud. Plaintiff's claims for legal malpractice are based on Defendants' alleged failures to: adequately manage their representation of Plaintiff, adequately investigate and respond to discovery requests, prepare effectively for trial, prepare witnesses for testimony, plead invalidity of the Johnson/Davis settlement agreement at trial, adequately represent Plaintiff's interests with respect to the Johnson's claim for bad faith failure to settle, compel the appearance and testimony of Plaintiff's insured at trial, retain the services of an expert for trial, otherwise present an affirmative defense case-in-chief on Plaintiff's behalf, effectively oppose the exclusion of the Johnson/Davis settlement agreement, and effectively attempt to introduce the Johnson/Davis settlement agreement during trial.

Plaintiff's claim for constructive fraud focuses on Hasty's alleged failure to disclose certain information to Plaintiff's counsel post-trial. Plaintiff claims that if Hasty had made Plaintiff aware of certain material facts, Plaintiff would have negotiated a settlement with the plaintiffs in the Johnson/Davis lawsuit rather than appeal the verdict. In Plaintiff's claim for constructive fraud, Plaintiff specifically alleges that:

> 111. As Allstate's attorney, Hasty owed fiduciary duties of loyalty and candor to Allstate to act in the best interest of his client Allstate and to fully disclose to his client all facts that had any impact on the rights and interests of Allstate in light of the $16 million jury verdict in the Johnson/Davis Lawsuit.
>
> 112. Hasty breached his continued fiduciary duties of loyalty and candor post-trial by, among other things, failing to disclose to Allstate

>    attorney Richard J. Vavra . . . the pre-trial and trial related failures in exercising the requisite professional duty of care owed by Defendants to Allstate. . . . The array of pre-trial and trial related failures caused by the Defendants created an overarching risk of appellate waiver that was never communicated to Vavra by Hasty or WSABE, despite the fact that the Defendants were ethically obligated to do so. . . .
>
> 113. Hasty's omissions and failures to disclose were designed solely to further his own interest in maintaining his lucrative practice from Allstate, rather than mitigating the damage caused by his numerous errors and omissions in conducting the Johnson/Davis Lawsuit.

The Court finds that the allegations that support Plaintiff's claim that Hasty breached fiduciary duties are dependent on the existence of his negligence. Plaintiff specifically cites as the basis for its constructive fraud claim that Hasty did not disclose his "pre-trial and trial related failures in exercising the requisite professional duty of care." Pl.'s Amend. Compl. ¶ 112 . Plaintiff's constructive fraud claim assumes that Hasty committed failures in exercising the requisite professional duty of care, which is a question that has yet to be determined. Plaintiff's claim for breach of fiduciary duty depends on the existence of Hasty's negligence, and the Missouri Supreme Court has held that such a breach cannot support a claim for both constructive fraud and legal malpractice. See Klemme, 941 S.W.2d at 496. Accordingly, Plaintiff's claim for constructive fraud must be dismissed. Plaintiff's claim for respondeat superior liability against WSABE, as based on Hasty's constructive fraud claim, must therefore also be dismissed.

The parties continue to dispute whether Plaintiff's negligent supervision claim may be re-pleaded in the complaint in order to preserve the issue for appeal. The Court has already held that nothing in the Eighth Circuit case law indicates such a practice is prohibited. Plaintiff has included in its re-pleaded negligent supervision count a footnote acknowledging dismissal and indicating the count has only been included for purposes of appeal. Therefore, the Court again

holds that Plaintiff has not acted improperly by re-alleging its negligent supervision claim in the amended complaint for purposes of appeal, and will not dismiss Count III from the Amended Complaint.

### III. MOTION TO STRIKE

Plaintiff filed a motion to strike certain affirmative defenses raised by Defendants pursuant to Federal Rule of Civil Procedure 12(f). Rule 12(f) allows a court to strike an insufficient defense from a pleading. See Fed. R. Civ. P. 12(f). A district court enjoys liberal discretion to strike under Rule 12(f). Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000). Even though a court has liberal discretion to strike, exercising power to strike under Rule 12(f) is an extreme measure, and therefore the Eighth Circuit Court of Appeals "has previously held that 'motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted,'" Id. (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977)). A motion to strike will be granted if the defense is clearly insufficient as a matter of law or it does not fairly present a question of law or fact which the court should hear. Resolution Trust Corp. v. Gibson, 829 F. Supp. 1103, 1106 (W.D. Mo. 1993); Kuhlmeier v. Hazelwood Sch. Dist., 578 F. Supp. 1286, 1295 (E.D. Mo. 1984).

Plaintiff requests that the Court strike certain affirmative defenses because they are not proper affirmative defenses and/or they are insufficiently pleaded. The specific affirmative defenses Plaintiff wants this Court to strike are: (1) Tactical or judgment error immunity; (2) Failure to state a claim; (3) Plaintiff's claims are frivolous; (4) Public policy of Missouri and Kansas bar certain damages; (5) Contributory negligence; and (6) Assumption of risk. The Court declines to strike these affirmative defenses, with the exception of Defendants' contributory negligence defenses, which the Court finds insufficient as a matter of law.

As to the contributory negligence defenses, Plaintiff argues that Missouri is a comparative fault state, therefore Defendants' contributory negligence defenses are improper. In 1983, the Missouri Supreme Court abrogated contributory negligence in favor of comparative fault. See Gustafson v. Benda, 661 S.W.2d 11 (Mo. 1983). However, subsequent cases showed that it was unclear whether this abrogation also applied to negligence actions that do not involve personal injury, like here. The Missouri Supreme Court recently addressed this issue and held that comparative fault does apply to claims other than just personal injury claims and therefore applies to claims of economic loss caused by professional negligence. See Children's Wish Found. Int'l, Inc. v. Mayer Hoffman McCann, P.C., No. SC 90944, 2011 WL 681093, at *4 (Mo. Feb. 8, 2011). Consequently, Defendants' contributory negligence defenses are insufficient as a matter of law and shall be stricken.

The Court finds that the remaining defenses are not clearly insufficient as a matter of law and they fairly present a question of law or fact for the Court, therefore they should not be stricken. The Court also declines to strike the allegations in Defendants' comparative fault defenses regarding Plaintiff's conduct prior to Defendants' engagement. By declining to strike these defenses and allegations, the Court is in no way prohibiting the plaintiff from filing motions to exclude the evidence or objecting to the evidence at trial.

## IV. CONCLUSION

Defendants' Motion to Dismiss (Doc. 90) is GRANTED IN PART and DENIED IN PART. Plaintiff's Motion to Strike (Doc. 120) is GRANTED IN PART and DENIED IN PART. Accordingly it is hereby ORDERED:

(1) Counts V and VI of Plaintiff's Amended Complaint shall be DISMISSED; and

(2) Defendants' contributory negligence affirmative defenses shall be STRICKEN from

their amended answers.

       SO ORDERED.

Date:   March 16, 2011                                 /s/ Dean Whipple
                                                                 Dean Whipple
                                                    United States District Judge